UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON WEMES,

                            Plaintiff,

     v.                                                                          No. 6:22-cv-06297-MAV-MWP

THE CANANDAIGUA NATIONAL BANK & TRUST
COMPANY,

                            Defendant.
_____

**DECLARATION OF GREGORY L. SILVERMAN
IN SUPPORT OF MOTION TO COMPEL**

      GREGORY L. SIVERMAN, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

      1.     I am an attorney licensed to practice in the State of New York, admitted to practice before this court, am counsel to Plaintiff Jason Wemes, and am knowledgeable and familiar with the facts of this case.

      2.     Pursuant to Local Rule 7(a)(3), I submit this affirmation in support of Plaintiff's motion to compel documents concerning Defendant's net worth, which are relevant to Plaintiff's requested relief of punitive damages.

      3.     On or around April 10, 2023, Defendant provided objections and responses to Plaintiff's Second Set of Requests for Production (RFPs) under Rule 34, a true and accurate copy of which are attached as **Exhibit 1**.

      4.     RFPs Nos. 16-18 requested documents related to Defendant's net worth, which Defendant stated it would not produce absent a Court Order.

      5.     On October 7, 2024, I provided Defendant's counsel, Ryan Biesenbach, with a discovery deficiency letter, a true and accurate copy of which are attached as **Exhibit 2**.

1

6. On October 10, 2024, I had an extended phone call with Mr. Biesenbach, during which he stated that Defendant would not produce documents concerning its net worth.

7. On October 24, 2024, I had an extended phone call with Mr. Biesenbach, during which he reiterated that Defendant would not produce documents concerning its net worth in response to Plaintiff's RFPs Nos. 16-18 before the discovery deadline of November 4, 2024.

8. On October 31, 2024, I emailed Mr. Biesenbach to confirm Defendant's position that no documents concerning Defendant's net worth would be produced before the discovery deadline absent a motion to compel.

9. Mr. Biesenbach responded via email on November 4, 2021, stating, in relevant part, that "such information is irrelevant at this stage of the matter." I responded to Mr. Biesenbach, in relevant part, as follows:

> Regarding net worth, as I've stated before in my Oct. 7 letter and we've discussed, documents concerning CNB's net worth is relevant to my client's claim for punitive damages. Would the Bank agree to provide its "most recent audited annual financial statement or tax return," *see EEOC v. Frontier Hot-Dip Galvanizing, Inc.*, No. 16-CV-0691V(SR), 2023 WL 4999831, at *5 (W.D.N.Y. Aug. 4, 2023), after summary judgment proceedings and a reasonable time before trial? If so, I will not need to move to compel today.

10. Mr. Biesenbach has yet to respond as of the date of the filing of this motion, which is the deadline to file motions to compel.

11. I have attempted to determine whether there are publicly available documents concerning Defendant's current net worth, for example on the SEC.gov website, but such documents did not appear available. As a privately-owned company, Defendant's financial condition is not publicly available.

Dated: November 4, 2024

                                        s/ Gregory L. Silverman
                                        Gregory L. Silverman