# Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON WEMES,

                      Plaintiff,

- against -

THE CANANDAIGUA NATIONAL BANK
& TRUST COMPANY,

                      Defendant.

Case No.: 6:22-cv-06297 (DGL) (MWP)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Local Rule 26, which are hereby incorporated by reference, Defendant, **THE CANANDAIGUA NATIONAL BANK & TRUST COMPANY** ("Defendant" or "CNB"), by and through its attorneys, **UNDERBERG & KESSLER LLP,** hereby responds to the Second Request for the Production of Documents, dated March 10, 2023, as propounded by Plaintiff, **JASON WEMES** ("Plaintiff"), as follows:

### RESERVATION OF RIGHTS

1. To the extent that Defendant produces documents in response to Plaintiff's Document Demands, it does so without conceding the materiality, admissibility or relevance of any such documents, or of any other substantive responses to the Document Demand.

2. Defendant reserves all objections to the use of these responses and of any documents Defendant produce in response to the Document Demands. All such objections may be interposed by Defendant at the time of trial or as otherwise required by the C or Order of the Court.

3. Defendant reserves the right to amend, supplement or withdraw their responses and objections to the Document Demands.

4. Insofar as the intentional production of any document by Defendant pursuant to the Document Demands may be deemed to be a waiver of any privilege or right, such waiver shall be deemed a limited waiver with respect to that particular document only. Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right

1

of Defendants, and Defendants reserve their right to demand that Plaintiff return to it any such document and all copies thereof.

## GENERAL OBJECTIONS

Defendant makes the objections that are described below to all of Plaintiff's Document Demands. Unless otherwise stated, each general objection is asserted in response to each Document Demand.

1. Defendant objects to the Document Demands in their entirety on the grounds that their numerosity and redundancy render them unreasonable and overly burdensome.
2. Defendant objects to all definitions, instructions, and requests that purport to impose obligations beyond those required or permitted by the Fed. R. Civ. P. or Local Rules.
3. Defendant objects to the Document Demands to the extent that each Document Demand purports to call for retrieval and disclosure of information or documents in the possession, custody or control of Plaintiff or that Defendant produced previously to Plaintiff.
4. Defendant object to the Document Demands to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or are otherwise protected from disclosure. Defendant will produce a privilege log setting forth documents, if any, withheld on such grounds, consistent with its obligations.
5. Defendant objects to the Document Demands to the extent they purport to call for the retrieval or disclosure of information or documents or seek information or documents neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.
6. Defendant objects to the Document Demands to the extent they purport to call for the retrieval or disclosure of information or documents in the public domain and not in the exclusive possession, custody or control of Defendant. Such Requests are beyond the scope of permissible discovery, would impose an undue burden on Defendant.
7. Defendant objects to the Document Demands to the extent they seek information or documents without reference to a reasonable time period.
8. Defendant object to the Document Demands to the extent it purports to call for the retrieval or disclosure of information or documents not presently in the possession of Defendant, but in the possession of third parties or separate legal entities.
9. Defendant's responses to the Document Demands are made expressly without, in any way, waiving or intending to waive, but rather preserving and intending to preserve, all objections

as to the competence, relevance, materiality and admissibility as evidence for any purpose of the documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation.

10. A response or objection to an individual Document Demand does not mean necessarily that any documents exist or are in the possession, custody or control of Defendant that are responsive to any specific individual Document Demand.

11. Defendant reserves the right to make additional objections at any time and to move for an appropriate protective order.

## RESPONSES TO INDIVIDUAL DOCUMENT DEMANDS

**REQUEST NO. 1:** All documents concerning the location of surveillance cameras on all floors of the Bank's main and operations buildings located at 72 S. Main St., Canandaigua, NY 14424.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. Defendant further objects to this Request on the grounds that its subject matter is irrelevant to the parties' respective claims and defenses and is unlikely to lead to the discovery of any admissible evidence. Indeed, this Request attempts to exceed the scope of the relevant issues and is therefore unduly burdensome and intended solely to harass. Defendant further objects to this Request on the grounds that it seeks highly sensitive information and the production of potentially responsive materials would expose Defendant and its employees to undue risk. Subject to the aforementioned objections Defendant will not produce documents or information that may be within its possession absent Court Order.**

**REQUEST NO. 2:** All documents concerning the scope of view for each surveillance camera located in the Bank's main and operations buildings located at 72 S. Main St., Canandaigua, NY 14424.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. Defendant further objects to this Request on the grounds that its subject matter is irrelevant to the parties' respective claims and defenses and is unlikely to lead to the discovery of any admissible evidence. Indeed, this Request attempts to exceed the scope of the relevant issues and is therefore unduly burdensome and intended solely to harass. Defendant further objects to this Request on the grounds that it seeks highly sensitive information and the production of potentially responsive materials would expose Defendant and its employees to undue risk. Subject to the aforementioned objections Defendant will not produce documents or information that may be within its possession absent Court Order.**

**REQUEST NO. 3:** Please provide a floor plan for all floors of the Bank's main and operations buildings located at 72 S. Main St, Canandaigua, NY 14424.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. Defendant further objects to this Request on the grounds that its subject matter is irrelevant to the parties' respective claims and defenses and is unlikely to lead to the discovery of any admissible evidence. Indeed, this Request attempts to exceed the scope of the relevant issues and is therefore unduly burdensome and intended solely to harass. Defendant further objects to this Request on the grounds that it seeks highly sensitive information and the production of potentially responsive materials would expose**

Defendant and its employees to undue risk. Subject to the aforementioned objections Defendant will not produce documents or information that may be within its possession absent Court Order.

**REQUEST NO. 4:** Please provide an organizational chart during the time Plaintiff was an employee, which includes without limitation positions held by Plaintiff, his supervisors, and Bank management.

**RESPONSE:** Defendant objects to this Request on the grounds that its subject matter is irrelevant to the parties' respective claims and defenses and is unlikely to lead to the discovery of any admissible evidence. Indeed, this Request attempts to exceed the scope of the relevant issues and is therefore unduly burdensome and intended solely to harass. Defendant further objects to this Request on the grounds that it seeks documents or information already known by Plaintiff or already in his possession, custody and control. Subject to the aforementioned objections Defendant will not produce documents or information that may be within its possession absent Court Order.

**REQUEST NO. 5:** Complete and up-to-date copy of the personnel files of Jason Ingalls and Joseph Hernandez, including any documents that were ever in the personnel files but have since been removed, ever kept in a non-official file on these employees, or in a file kept by a supervisor.

**RESPONSE:** Defendant objects to this Request on the grounds that its subject matter is irrelevant to the parties' respective claims and defenses and is unlikely to lead to the discovery of any admissible evidence. Indeed, this Request attempts to exceed the scope of the relevant issues and is therefore unduly burdensome and intended solely to harass. Defendant further objects this Request on the grounds that its subject matter – the personnel files of nonparty individuals employed by Defendant – conflicts with overriding and superior privacy obligations and concerns. *See, e.g., Duck v. Port Jefferson Sch. Dist.*, No. 07 CV 2224, 2008 WL 2079916, at *4 (E.D.N.Y.2008). Put differently, the potential harm that might result from disclosure outweighs Plaintiff's nonexistence need for the material. Subject to the aforementioned objections Defendant will not produce documents or information that may be within its possession absent Court Order.

5

**REQUEST NO. 6:** All documents concerning any Bank policy concerning investigations relating to conduct of Bank employees.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. As such, this Request is unduly vague and burdensome. Subject to and notwithstanding the aforementioned objections, Plaintiff is referred to the Defendant's Employee Handbook, already produced, beginning at Bates numbering "DEF00775." No documents were withheld by virtue of the aforementioned objections. Defendant explicitly reserves the right to amend this response should additional documents be discovered during this litigation.**

**REQUEST NO. 7:** All audio, pictures, and/or video recordings captured from 4:00 PM to 8:00 PM on June 29, 2021 concerning Jason Ingalls, Joseph Hernandez, Canandaigua Police Department Officer Daniel Visingard, and/or Ontario County Sheriff Nathan Bowerman. Please include with your response any surveillance footage.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. As such, this Request is unduly vague and burdensome. Defendant further objects to this Request on the grounds that the information it seeks is duplicative of requests made within Plaintiff's First Request for the Production of Documents; namely, Request No. 28. Accordingly, Plaintiff is referred to Response No. 28 thereto. No documents were withheld by virtue of the aforementioned objections. Defendant explicitly reserves the right to amend this response should additional documents be discovered during this litigation.**

**REQUEST NO. 8:** All audio, pictures, and/or video recordings captured on June 29, 2021 from 1:00 PM to 6:00 PM concerning Plaintiff. Please include with your response any surveillance footage.

**RESPONSE:** Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. As such, this Request is unduly vague and burdensome. Defendant further objects to this Request on the grounds that the information it seeks is duplicative of requests made within Plaintiff's First Request for the Production of Documents; namely, Request Nos. 28 and 29. Accordingly, Plaintiff is referred to Response Nos. 28 and 29 thereto. No documents were withheld by virtue of the aforementioned objections. Defendant explicitly reserves the right to amend this response should additional documents be discovered during this litigation.

**REQUEST NO. 9:** Please provide native files of the documents bates-stamped in this matter as follows below:
a. DEF568-572
b. DEF573-575
c. DEF00576

**RESPONSE:** Defendant objects to this Request on the grounds that it seeks documents or information already requested of Defendant and to which Defendant has already produced. As such, this Request is unduly burdensome and intended solely to harass. Defendant further objects to this Request on the grounds that the documentation or materials is seeks are not proportional to the needs of the parties' respective claims or defenses and is therefore additionally burdensome and intended solely to harass. Subject to the aforementioned objections, Plaintiff is referred to the documents already produced beginning with Bates numbering "DEF01237" and "DEF01242." No documents were withheld by virtue of the aforementioned objections. Defendant explicitly reserves the right to amend this response should additional documents be discovered during this litigation.

**REQUEST NO. 10:** All communications concerning the document identified in this action as DEF435-438.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. As such, this Request is unduly vague and burdensome. Defendant further objects to this Request on the grounds that the documentation or materials is seeks are not proportional to the needs of the parties' respective claims or defenses and is therefore additionally burdensome and intended solely to harass. Defendant further objects to this Request on the grounds that it seeks documents protected by the attorney-client or the attorney work product doctrines. Subject to the aforementioned objections Defendant will not produce documents or information that may be within its possession absent Court Order.**

**REQUEST NO. 11:** All documents concerning Plaintiff's application for unemployment insurance after the Bank terminated his employment in July 2021.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. As such, this Request is unduly vague and burdensome. Plaintiff further objects to this Request on the grounds that it seeks information already in the possession, custody or control of Plaintiff or to which Plaintiff maintains superior access. Subject to and notwithstanding the aforementioned objections, Plaintiff is referred to the documents annexed hereto bearing Bates numbering "DEF01247" through "DEF01248". No documents were withheld by virtue of the aforementioned objections. Defendant explicitly reserves the right to amend this response should additional documents be discovered during this**

litigation.

**REQUEST NO. 12:** All communications concerning Barb Wagner's birthday party held at KiX on Main on or around April 2021.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. As such, this Request is unduly vague and burdensome. Defendant further objects to this Request on the grounds that the scope of this request is ill-defined and subject to speculation. Defendant further objects to this Request on the grounds that it seeks information or documents outside of the parties' relevant claims or defenses and is not calculated to lead to the discovery of admissible or relevant evidence. Defendant further objects to this Request on the grounds that it seeks documents, information or materials outside of Defendant's possession, custody or control and already in the possession, custody or control of third parties. Subject to the aforementioned objections Defendant responds as follows: Defendant is not in possession of documents responsive to this Request. No documents were withheld by virtue of the aforementioned objections. Defendant explicitly reserves the right to amend this response should additional documents be discovered during this litigation.**

**REQUEST NO. 13:** All documents concerning the employee identification badge, badge reel, and other related items, including without limitation keys, Plaintiff provided to the Bank when informed of his suspension on or around June 2021.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. As such, this Request is unduly vague and burdensome. Defendant further**

9

objects to this Request on the grounds that it is duplicative of information sought in Plaintiff First request for the Production of Document; namely, Request No. 1. Accordingly, Plaintiff is referred to Response No. 1 thereto.

**REQUEST NO. 14:** Please provide samples or examples of employee identification badge(s) (front and back) that the Bank could have provided employees in 2014.

**RESPONSE: Defendant objects to this Request on the grounds its calls for speculation. Indeed, Defendant is unable to determine with any certainty what would constitute a "sample" for purposes of this Request. Defendant is unable to respond to this Request as drafted and will not do so absent Court Order.**

**REQUEST NO. 15:** Please provide samples or examples of any particular badge reels, clips, or lanyards that the Bank could have provided employees between 2020 and 2021.

**RESPONSE: Defendant objects to this Request on the grounds that the terms "badge reels," "clips," and "lanyards" are not defined and thus call for speculation. Indeed, Defendant is unable to determine with any certainly what would constitute a "sample" for purposes of this Request. Defendant is unable to respond to this Request as drafted and will not do so absent Court Order.**

**REQUEST NO. 16:** All documents concerning the Bank's gross income for 2021 to the present.
**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. Defendant further objects to this Request on the grounds that its subject matter is irrelevant to the parties' respective claims and defenses and is unlikely to lead to the discovery of any admissible evidence. Indeed, this Request attempts to exceed the scope of the relevant issues and is therefore unduly burdensome and intended solely to harass. Defendant further objects to this Request on the grounds that it seeks highly sensitive information and the production of potentially responsive materials would expose Defendant and its employees to undue risk. Subject to the aforementioned objections Defendant will**

not produce documents or information that may be within its possession absent Court Order.

**REQUEST NO. 17:** All documents concerning the Bank's net income for 2021 to the present.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. Defendant further objects to this Request on the grounds that its subject matter is irrelevant to the parties' respective claims and defenses and is unlikely to lead to the discovery of any admissible evidence. Indeed, this Request attempts to exceed the scope of the relevant issues and is therefore unduly burdensome and intended solely to harass. Defendant further objects to this Request on the grounds that it seeks highly sensitive information and the production of potentially responsive materials would expose Defendant and its employees to undue risk. Subject to the aforementioned objections Defendant will not produce documents or information that may be within its possession absent Court Order.**

**REQUEST NO. 18:** All documents concerning the Bank's net worth for 2021 to the present.

**RESPONSE: Defendant objects to this Request on the grounds that the scope of information sought is grossly overbroad and vague by virtue of use of the term "all." Such a Request necessarily calls for speculation and would entail the production of information unrelated to the claims or legitimate defenses alleged in this matter and is not in accordance with the proportionality in discovery required by Rules 26(b)(1) and 33(a)(2), as amended, effective December 1, 2015. Defendant further objects to this Request on the grounds that its subject matter is irrelevant to the parties' respective claims and defenses and is unlikely to lead to the discovery of any admissible evidence. Indeed, this Request attempts to exceed the scope of the relevant issues and is therefore unduly burdensome and intended solely to harass. Defendant further objects to this Request on the grounds that it seeks highly sensitive information and the production of potentially responsive materials would expose Defendant**

and its employees to undue risk. Subject to the aforementioned objections Defendant will not produce documents or information that may be within its possession absent Court Order.

Dated: April 10, 2023
      Rochester, New York

                               **UNDERBERG & KESSLER LLP**
                               *Attorneys for Defendant*

                        By: _____
                               Paul F. Keneally, Esq.
                               Ryan T. Biesenbach, Esq.
                               300 Bausch and Lomb Place
                               Rochester, New York 14604
                               T: (585) 258-2882
                               F: (585) 258-2821
                               PKeneally@underbergkessler.com
                               RBiesenbach@underbergkessler.com