UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON WEMES,

                        Plaintiff,

- against -

THE CANANDAIGUA NATIONAL BANK
& TRUST COMPANY,

                        Defendant.

Case No.: 22-cv-06297 (MAV) (MWP)

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION SEEKING LEAVE TO FILE A SUR-REPLY

Underberg & Kessler LLP
300 Bausch & Lomb Place
Rochester, New York 14604
T: (585) 258-2865
F: (585) 258-2821

*Attorneys for Defendant*
*The Canandaigua National Bank & Trust Company*

**PRELIMINARY STATEMENT**

Defendant, The Canandaigua National Bank & Trust Company ("CNB"), by and through its counsel, Underberg & Kessler LLP, respectfully submits this Memorandum of Law in opposition to the request filed on behalf of Plaintiff, Jason Wemes ("Wemes"), which seeks this Court's leave to file an improper sur-reply with respect to CNB's pending motion for summary judgment made pursuant to Fed. R. Civ. P. 56, and for an award of its reasonable attorney's fees pursuant to 42 U.S.C.A. § 2000e-5(k).

It is respectfully submitted that Wemes' motion should be denied. First, his request is procedurally improper because the proposed sur-reply was filed alongside the underlying request. Second, his request is substantively improper because the entirety of Wemes' proposed sur-reply is limited to either furthering the arguments already made in his opposition [ECF Doc. No. 50] or responding to the points argued by CNB in its Reply Melodeum of Law that address certain of the points made in Wemes' opposition [ECF Doc. No. 52].

Accordingly, for the reasons set forth more fully below and within the accompanying Declaration of Ryan T. Biesenbach, Esq., dated July 30, 2025 (the "Biesenbach Dec."), it is respectfully requested that Wemes' pending motion be denied in its entirety.

**ARGUMENT**

"Supplemental filings on motions fully submitted require leave of court." *AA Med. P.C. v. Almansoori*, No. 20-CV-03852 (DG) (JMW), 2023 WL 4073772, at *2 (E.D.N.Y. June 19, 2023) (citing *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005)). This Court's local rules specifically prohibit the filing of a sur-reply without first obtaining proper leave. *See* W.D.N.Y. Local Rule 7(a)(6). "[W]hether to permit the filing of a sur-reply is entirely within the Court's discretion." *Marseet v. Rochester Inst. of Tech.*, No. 20-CV-7096 (FPG), 2022

1

WL 2718509, at *1 (W.D.N.Y. July 13, 2022) (citing *Neary v. Weichert*, 489 F. Supp. 3d 55, 62 (E.D.N.Y. 2020) ("courts have discretion to decide whether to strike or permit a litigant's sur-reply")).

Here, it is respectfully submitted that the Court should exercise its discretion and deny Wemes' pending request for leave to file a sur-reply for being both procedurally and substantively improper.

### I. Wemes' Motion is Procedurally Improper

"'Procedurally, the party seeking to submit reply papers should submit an informal request in writing ... [in advance of filing its sur-reply],' to avoid 'placing the [sur-reply] before the court, [and] thereby reducing the question of whether the [sur-reply] should be accepted for filing to relative unimportance.'" *Da Silva v. New York City Transit Auth.*, No. 17-CV-4550, 2025 WL 722967, at *2 (E.D.N.Y. Mar. 6, 2025) (quoting *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384–85 (S.D.N.Y. 1975)). A sur-reply is "procedurally improper" where, as here, it was collectively filed with the submission request for leave of its very filing. *See id.* at 2025 WL 722967 at *2; *see also Sec. & Exch. Comm'n v. Xia,* No. 21-CV-5350 (PKC) (RER), 2022 WL 2784871, at *2 (E.D.N.Y. July 15, 2022) ("sur-reply is procedurally improper because it was filed alongside the request to submit it").

Here, Wemes submitted his motion seeking leave [ECF Doc. No. 54] together with his proposed sur-reply [ECF Doc. No. 54-2]. It is therefore respectfully submitted that his request is procedurally improper and should be dismissed on this threshold basis.

### II. Wemes' Motion is Substantively Improper

"A sur-reply is appropriate only in 'the exceptional though rare case' where a 'party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are

2

material to the disposition of the question before the court,' or when '[the court] determines ... that it wishes further briefing ... and orders the submission of additional papers.'" *Da Silva v. New York City Transit Auth.*, No. 17-CV-4550, 2025 WL 722967, at *1 (E.D.N.Y. Mar. 6, 2025) (alterations in original) (quoting *Sec. & Exch. Comm'n v. Xia*, No. 21-CV-5350, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022)). When "the reply papers merely respond to points raised in opposition to the underlying motion, fairness does not ordinarily demand further briefing." *Id.* (quoting *Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, No. 19-CV-1290, 2022 WL 2286951, at *7 (S.D.N.Y. June 23, 2022)); *see also DT v. Somers Cent. Sch. Dist.*, No. 06-CV-2674 (WCC), 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009), *aff'd*, 348 F. App'x 697 (2d Cir. 2009) (no sur-reply needed where "defendants did not raise any matter 'for the first time' in their reply papers" but merely "responded to matters that were raised for the first time in plaintiffs' response papers"); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y.) (no sur-reply where, "[a]lthough defendants' reply papers addressed issues not raised in its moving papers, each point in the reply brief directly responds to an issue raised in [plainitff's] opposition papers"), *order vacated on reconsideration, on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990).

As demonstrated by the Biesenbach Dec., each of the stated reasons argued in support of Wemes' motion are either a continuation of the arguments made in opposition to CNB's pending motion for summary judgment [ECF Dc No. 50] or are responsive to the points made in CNB's Reply Memorandum of Law which are responsive to certain of the points raised within Wemes' opposition. *See* Biesenbach Dec. at ¶¶ 4 through 10. Put differently, the only relief currently requested by Wemes, improperly and without valid basis, is a second-bite at the proverbial apple in an attempt blur the Record and create issues of fact where they do not legitimately exist. In so doing, Wemes has completely failed to demonstrate that the points raised in the proposed sur-reply

address "new issues which are material to the disposition of the question before the court." *Da Silva,* 2025 WL 722967, at *1 (E.D.N.Y. Mar. 6, 2025).

Accordingly, it is respectfully submitted that Wemes' pending request should be denied in its entirety.

## CONCLUSION

For the reasons set forth above and in the accompanying Biesenbach Dec., it is respectfully submitted that Wemes' pending motion seeking leave to file a sur-reply be denied in its entirety.

Dated: July 30, 2025
Rochester, New York

**UNDERBERG & KESSLER LLP**
*Attorneys for Defendant*
*The Canandaigua National Bank & Trust Company*

By: _____
Ryan T. Biesenbach, Esq.
300 Bausch & Lomb Place
Rochester, New York 14604
T: (585) 258-2865
F: (585) 258-2821
E: rbiesenbach@underbergkessler.com